James *v.* Dixon.

20 79
48a 556
20 79
80a 133
20 79
82a 625

JAMES & JEWETT, Respondents, *vs.* DIXON, Appellant.

1. An injunction does not lie to restrain a trespass upon a franchise, unless the trespasser is insolvent or the injury irreparable.

## *Appeal from Jefferson Circuit Court.*

This was a petition for an injunction to restrain Dixon from selling and shipping wood on and from the " Selma landing," to which the petitioners claimed an exclusive right for that purpose. The petition alleged that the defendants were utterly insolvent.

At the hearing, the court found the following facts : On or about January 23, 1850, Dixon and Skeel entered into a partnership in the business of cutting cord wood and selling it to steamboats on the Mississippi river, and for that purpose took a lease from the owner of the Selma landing, which gave them the exclusive privilege of selling wood on said landing until November 5, 1854. Dixon & Skeel continued to cut and sell wood, as partners, until October, 1851, when Skeel died. Letters of administration were taken out on his estate. After the refusal of the surviving partner to administer upon the partnership effects, the administrator took them into possession, and sold the unexpired term of the lease in question *at public auc-* tion, having first given notice, and the plaintiffs became the purchasers, and received a bill of sale. At the time of the sale, arrears of rent were due to the owner, which had been allowed against Skeel's estate. After the purchase by plaintiffs, defendant continued to sell wood upon the landing upon his own separate account, and refused to surrender it to the plaintiffs or to account with them.

Upon these facts, the court declared that the plaintiffs were entitled to the exclusive enjoyment of the franchise, and granted a perpetual injunction, and gave judgment for the possession.

*Noell* and *Pipkin*, for appellant, contended that the lease was not partnership property, and could not be sold as such by Skeel's administrator.

*Frissell* and *Jones*, for respondent.

Scott, Judge, delivered the opinion of the court.

The only circumstance that could have warranted an injunction in this cause, was the alleged insolvency of the defendant.

As that fact was not found by the court, there was no ground for an injunction. An action in the nature of an action on the case (as the property affected was incorporeal) would have afforded ample redress to the plaintiffs. The case, stripped of the allegation of insolvency, furnished no ground whatever for an injunction. An injunction is not granted to restrain a mere trespass, where the injury is not irreparable and destructive to the plaintiff's estate; but is susceptible of perfect pecuniary compensation, and for which a party can obtain adequate satisfaction in the ordinary course of law. It must be a strong and peculiar case of trespass, going to the destruction of the inheritance, or where the mischief is remediless, to entitle a party to the interference by injunction. It is obvious that, in the present case, all the damages which have been sustained by the plaintiffs, could be redressed in an ordinary action for damages.

Upon the evidence set out in the motion for a review of the facts found by the court, there should have been a new trial granted. The judgment will be reversed, and the cause remanded; the other judges concurring.