PATTERSON & WIFE, Defendants in Error, v. McCAMANT, Plaintiff in Error.*

1. A bill of peace to restrain a person from instituting ejectment suits against another, on the ground that such suits would be vexatious, can not be maintained unless the title to the land in dispute has been fully and satisfactorily litigated at law; the institution of repeated ejectment suits, if the same are abandoned before trial, can not furnish a foundation for the maintenance of a bill of peace to restrain vexatious litigation.

*Error to St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Cates* and *Casselberry*, for plaintiff in error.

*Glover* and *H. M. Jones*, for defendants in error.

NAPTON, Judge, delivered the opinion of the court.

We have not been able to perceive any principle upon which the decree in this case can stand. The principle asserted in the bill and carried out by the decree is, that a court of equity will interpose its authority by perpetual in-

---

* RICHARDSON, Judge, having been of counsel, did not sit at the hearing of this cause.—[REP.

Patterson & Wife v. McCamant.

junction in favor of a person in possession of land, whose title is threatened by another person holding a worthless claim to the same land, where the person holding the adverse title is insolvent, and he has already brought two suits in ejectments and caused them to be dismissed or taken nonsuits. These were the material facts upon which the decree was based.

The case is supposed to fall within a class of equitable proceedings termed bills of peace, but the petition will be found to lack the essential elements of such bills. There are two kinds of bills of peace, and only two kinds. The first is, where courts of equity, upon the sole ground of preventing multiplicity of suits, will try a title or have it tried upon proper issues, because there is a number of persons interested in it, and a great many actions at law would be necessary to conclude the title. Suits concerning fisheries, parochial tithes, &c., are of this kind and fall within this class. Another class of cases is where the title has been fully and satisfactorily litigated at law. It put a stop to vexatious suits, which courts of law can not do; equity will interpose by injunction.

In this case, there is but a single claimant and a single party in possession, and it is not asserted in the bill nor found by the court that any trial at law has ever been had. It is not perceived how the alleged fact of insolvency can give any additional claim to an interposition by injunction. If the title is worthless and the holder of it insolvent, the latter circumstance would not seem to give it any additional importance as a means of annoyance. The right which a party plaintiff has in all actions to take a nonsuit, although its exercise may, in ejectment as well as other forms of action, occasion annoyance and protract litigation, is not believed to be a sufficient cause of itself to warrant a court of equity to interpose its power of injunction. The statute has prescribed a limit within which actions must be brought; but so long as a party keeps within that limit, his right to sue and to abandon his suit as often as he pleases, can not be

questioned. As he has to pay the costs of such dismissal or nonsuits, that circumstance will, it. is presumed, in most cases, furnish a sufficient protection to his adversary against abuses of the power. The bill, answer, evidence and finding of the court will show this case to partake more of the nature of an action of ejectment than a bill in equity, since the title on both sides was investigated and determined. No authority has been found to justify a court of equity in trying the merits of adverse titles upon a bill of peace, unless under the circumstances we have heretofore stated.

The case of Welby v. The Duke of Rutland is a satisfactory authority on this point. In that case Welby and the Duke of Rutland claimed the same manor, and the Duke had appointed a game-keeper and had the appointment registered. The plaintiff Welby asserted that the Duke had no title of any validity whatever, and that his claim was a cloud upon his title and was a serious obstruction to a sale or other disposition of his estate, and the bill asked for a perpetual injunction against the Duke, if upon proper issues the title was found as asserted to be of no validity. The Lord Chancellor Ashley dismissed the bill and his decree was affirmed in the house of lords. It is declared to be the uniform and well established practice of courts of equity to dismiss such bills, and that it is not their province to try legal titles or enjoin an asserted one until it had been tried at law. (2 Bro. P. C. 42.) In Devonsher v. Newenham, 2 Sch. & Le. 204, Lord Redesdale was very clear upon the same point. That was a case where devisees under a will brought a bill against persons claiming a title paramount to the will and calling on them to litigate their claims with the devisees. Lord Redesdale said, "No such suit has ever been entertained, so far as I can find, and it would be most dangerous to give the example of entertaining such a suit." He explains the cases where equity may interpose : "If there is an assertion of title by a suit at law, in which the party fails, but yet asserts it frequently in the same manner, such an assertion becomes oppressive to the opposite party, and as it may

be made by ejectment—a proceeding which may be repeated forever, (and which is not as now any part of the old law)—courts of equity may interfere to prevent such an oppressive proceeding, which overturns the principle of the ancient law, calculated to prevent perpetual litigation. It is on this ground courts of equity have interfered by bills of peace."

The same eminent judge repeats his explanation of bills of peace in his Treatise on Equity Jurisprudence : " Such a bill," says that work, " can scarcely be sustained where a right is disputed between two persons only, until the right has been tried and decided upon at law." (Mitford Eq. Pl. 44.) The cases of the Mayor of Pilkington, 1 Atk. 530 ; Bush v. Western, Prec. in Eq. 530, and Donel v. Girdle, Prec. in Eq. ——, confirm this view of the subject. Judge Story, in his Treatise on Equity, also entertains the same opinion with Lord Redesdale, and quotes with approbation from his treatise. Judge Story says that, " in order to entitle a party to maintain a bill of peace, it must be clear that there is a right claimed which affects many persons ;" that if the right be disputed between two persons only, the bill will be dismissed ; and, in relation to the cases where an interference is asked to prevent vexatious litigation after repeated trials at law, he says : " Courts of equity will not interfere in such cases before a trial at law, nor until the right has been satisfactorily established at law. But if the right is satisfactorily established, it is not material what number of trials have taken place, whether two only or more. (2 Story on Eq. § 859.)

There is a class of cases in which courts of equity interpose by injunction to prevent irreparable mischief, and another class where the assistance of that court is invoked to have conveyances made to defraud creditors set aside ; but it is obvious that the bill in this case was not framed so as to fall within either of those conceded branches of equity jurisprudence.

The judgment is reversed ; Judge Scott concurs. Judge Richardson not sitting.