JAMES BURGESS *et als.*, Defendants in Error, *v.* HENRY KATTLEMAN *et als.*, Plaintiffs in Error.

1. *Equity—Injunction—Practice—Remedy at Law.*—An injunction will not be granted when the injury is susceptible of a perfect pecuniary compensation, and for which a party can obtain adequate satisfaction in the ordinary course of law.

2. *Landlord and Tenant—Lien—Rent—Lease—Trees.*—The lien of a landlord reserved in a lease of land rented for the purpose of cutting staves, heading, timber, cord-wood, &c., to be sold by the lessee, is not equivalent to that of a chattel mortgage, so as to preclude the lessee from disposing of the timber, &c., cut prior to the re-entry of the landlord for condition broken. Upon the re-entry, the lien will attach to whatever may be left or found in the tenant's possession on the premises.

*Error to Second District Court.*

*A. Green,* and *F. & L. Gottschalk,* for plaintiffs in error.

The injunction should not have been granted, there being no allegation of insolvency against Kattleman—20 Mo. 79. Plaintiffs had the right to replevin and trespass. The lien reserved is void, the case showing that defendants had the possession of the goods and right to sell, and therefore fraudulent—28 Mo. 173 ; 31 Mo. 445, 451 ; 34 Mo. 432 ; Brooks v. Wimer, 20 Mo. 503.

There being no allegation in the petition, nor any evidence on the part of the plaintiffs to the effect that Kattleman was insolvent, or not amply able to respond in damages for the trespass or the conversion, there is no equity in this case in favor of plaintiffs against the defendants—Jewett et al. v. Dixon, 20 Mo. 79. We therefore contend that the injunction was improvidently issued and the motion for its dissolution ought to have been sustained.

The leases which are relied upon by plaintiffs are made for the purpose of enabling the lessees to cut the timber from the premises and to sell the same, and all restrictions are to be construed with reference to this express intention of the parties : " Nothing in these restrictions however shall be

construed as preventing the sale of timber to other parties by the party of the second part in the legitimate prosecution of their business."

*J. L. Thomas,* for defendants in error.

Kattleman had both constructive and actual notice of the existence of the written lease from defendants in error to Moody and Twining ; that it gave the lessors a lien upon all the staves, cord-wood, &c., manufactured from timber taken from the leased premises. He received the staves on the 5th or 6th of April, 1866, while the lease was filed for record on 27th March previous, and of this he should take notice—R. C. 1855, p. 364. Burgess and Thomas both informed him before he bought the staves that plaintiffs had a lien upon them and that they intended to enforce their lien—1 Sto. Eq., §§ 394 to 397. Furthermore, before Kattleman can successfully interpose the plea of an innocent purchaser he must show to the court that he paid a consideration at the time ; receiving property in payment of an antecedent debt is not sufficient to protect him as an innocent purchaser. In this case, Kattleman even admits in his answer that he advanced no new consideration, but received the staves in payment of a store account previously contracted.

It was not necessary to allege or prove in this case that Kattleman was insolvent. If the injury resulting from acts of defendants was irreparable, it is sufficient—20 Mo. 99 ; 2 Sto. Eq. §§ 930–33.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiffs against the defendants Twining, Moody and Kattleman, in the court below, for rent for certain land in Jefferson county. The land was leased by plaintiffs to Twining and Moody, at a certain specified rate, for the purpose of cutting cord-wood, staves, heading, &c. The lease contained a provision by which the lessees agreed that the lessors should have a lien upon all the timber, staves, cord-wood, &c., to secure the

payment of the rent as it accrued, and the performance of all the covenants and conditions of the lease; and in case default should be made in the payment of the rent by the lessees, or in the performance of either of the covenants, then the lessors should have the right to forfeit the lease and to take immediate possession of the timber, staves and cordwood, and sell the same at public sale to satisfy the rent remaining due. Whilst rent was remaining due, Twining and Moody sold a quantity of the staves they had cut on the land to Kattleman, who took the same into possession and removed them from the premises; after which the plaintiffs gave notice to the defendants and proceeded to forfeit the lease, and took possession of all the staves, wood and timber remaining in the hands of Twining and Moody, and also made application for and obtained an injunction against Kattleman restraining him from using or disposing of the staves which he had purchased. At the hearing of the cause, a motion was made to dissolve the injunction, which was overruled, and the court made the same perpetual, and then rendered judgment against all the defendants. Kattleman alone excepted, and appealed. This judgment was affirmed in the Second District Court and the cause is brought here for revision.

Passing over the irregularity of the proceeding and the judgment, there are two points, the decision of which must control the case. The first is the action of the court in refusing to dissolve the injunction. The petition alleges the insolvency of all the parties but Kattleman, and makes no such averment as to him, and states further that by reason of the acts of all the defendants the plaintiffs were in great danger of losing their lien on the staves and timber, which would cause irreparable damage to them. No proof was offered for the purpose of showing that Kattleman was not entirely solvent and capable of satisfying any judgment which might be obtained against him. Where a party has a remedy at law, he cannot come into equity unless from circumstances not within his control he could not avail himself of his legal remedy. An injunction will not be granted where the injury

is susceptible of perfect pecuniary compensation and for which a party can obtain adequate satisfaction in the ordinary course of law. That full compensation can be had at law, "is the great rule for withholding the strong arm of the Chancellor"—James v. Dixon, 20 Mo. 79 ; Wallace v. McVey, 6 Ind. 600; Pusey v. Wright, 31 Penn. 396; Hill. on Inj. 15. The party must be insolvent, so that an action at law would be unavailing or the injury so irreparable in its nature that the plaintiff would be remediless without the interposition of the injunctive process. Here there is not even a pretence or a suggestion that Kattleman was insolvent; and if he took or obtained property to which the plaintiffs were entitled, their remedy was perfect and complete at law, by resorting to their action of trespass or replevin. The court therefore erred in not dissolving the injunction.

The next question regards the lien which was reserved by the lessors on the cord-wood, staves, timber, and mill fixtures. And here the contract must be interpreted by taking into consideration the intention of the parties as shown by the terms of the writing with reference to the subject-matter and the business to be carried on. The lease was for three hundred and twenty acres of land, at a certain rate per acre; the first payment was to be made on the execution of the contract, and the balance in quarterly payments every three months. The contract contemplated the cutting of large amounts of wood, staves, and timber, to be used as merchandise, and surely it was not the understanding of either party that all the timber and staves got out by the lessees during the whole period of three months should be tied up and they prohibited from using or selling the same until the rent became due and was paid. The articles were to be used for trade, not only to enable the parties to make a profit, but also to pay the rent. The lease, taken in its whole scope and bearing, cannot be distinguished from a lien reserved in a lease by a landlord with a condition of re-entry. The tenant is not restrained or precluded from disposing of the goods or crops on the premises till re-entry for condition broken, and then

the lien attaches to whatever may be left or found on the premises in the tenant's possession. This can in nowise be considered in the nature of a specific chattle mortgage, which comes within the provisions of our registration acts, but by its terms it plainly appears that the timber which was to be taken from the land was to be manufactured into staves, heading, &c., and used and sold as articles of merchandise.

We think that the court misconceived the law in perpetuating the injunction, and also in holding that the lease operated as a lien on the staves sold to Kattleman before the forfeiture was declared, and accordingly its judgment is reversed and the cause remanded. The other judges concur.