PHILIP WEIGEL, Defendant in Error, v. THOMAS WALSH et al., Plaintiffs in Error.

1. *Equity — Injunction allowable against trespasser, when.*—It is now a well-settled principle of equity jurisprudence that the remedy by injunction is allowable against a mere trespasser when the injury sought to be averted goes to the destruction of the inheritance, or is otherwise irreparable in its character. But the sole ground upon which an injunction is granted in such cases is that the trespass complained of operates such irreparable mischief that it is not susceptible of adequate compensation in the way of pecuniary damages; and the party seeking it must bring himself within this principle before he can be entitled to this remedy.

*Error to St. Louis Circuit Court.*

*Garesche & Mead*, for plaintiffs in error.

The case, if stated on plaintiff's own theory, is one of pecuniary damages. He had no longer any interest in the buildings as against the landlord. The remedy of defendant Weigel is adequate at law, and injunction therefore does not lie. (Burgess v. Kattleman, 41 Mo. 482.)

*Finkelnberg & Rassieur*, for defendant in error.

Whenever a trespass goes to the destruction of plaintiff's estate, he is entitled to an injunction. (Herr v. Bierbower, 3 Md. Ch. 458; Shipley v. Ritter, 7 Md. 413; Jerome v. Ross, 7 Johns. Ch. 332.) The same state of facts which would constitute waste as against a tenant, will justify injunctive relief as against a trespasser. The duration of plaintiff's estate, whether long or short, is not an element to be considered in the matter.

CURRIER, Judge, delivered the opinion of the court.

Although the doctrine is of modern origin, it is nevertheless now a well-settled principle of equity jurisprudence that the remedy by injunction is allowable against a mere trespasser when the injury sought to be averted goes to the destruction of the inheritance, or is otherwise irreparable in its character. (Echelkamp v. Schrader, *ante*, p. 505.) But the sole ground upon which an injunction is granted in such cases is that the trespass complained of operates such irreparable mischief that it is not susceptible of adequate compensation in the way of pecuniary damages. (James v. Dixon, 20 Mo. 79; Burgess v. Kattleman, 41 Mo. 480.) The plaintiff does not bring himself within this principle. It is not alleged that the defendants are insolvent, or that the alleged trespass is of such a character that it can not be adequately and fully compensated by an award of damages. The injury complained of goes only to the extent of the plaintiff's interest in a leasehold which had but two weeks to run. The evidence clearly shows that the plaintiff had, at the time of the alleged trespasses, then already vacated the premises and gone into another house, at the suggestion and for the convenience of his landlord, who was about to take down the old improvements for the purpose of rebuilding; or rather at the suggestion and procurement of the landlord's agents. There were negotiations between the parties as to the possession of the premises; the plaintiff swearing that his terms were never complied with or accepted, and the defendant, Walsh, swearing very positively that possession was taken after the premises were abandoned by the plaintiff, and in virtue of his express license and authority. Walsh testifies that the permission was granted upon his statement or suggestion to the plaintiff that Jacobs, the landlord, would compensate him for the two weeks' rent. There is a clear and direct antagonism between the witnesses on this point. The burden of proof is on the plaintiff, but it is not necessary to determine the preponderancy of this conflicting testimony. Granting that the defendants were in fact trespassers, the plaintiff, nevertheless, had an ample remedy against them in an

action at law for the recovery of compensatory damages. In that way the plaintiff can be fully indemnified for the injury complained of. It would be idle to attempt to fix and maintain a rational and consistent limitation to the remedy by injunction, in cases of mere trespass, if that remedy is held applicable to the facts of the case before us.

The judgment will be reversed and the cause remanded. The other judges concur.