Adolphus Boeckler, Respondent, *v.* Missouri Pacific Railway Company, Appellant.

### June 14, 1881.

1. Each count in a petition must be good in itself, and cannot be aided by a preceding count, unless reference is made thereto by apt words.

2. Where the petition contains a count at law and one in equity, separate trials must be had.

3. *Semble* that the embodiment of both judgments in one record entry is proper, where the proper recitals are made.

On Rehearing. — 1. The judgment of the trial court may be reversed upon the law count and affirmed upon the equity count.

2. A court of equity will not restrain the continuation of a trespass upon realty, where an adequate remedy at law may be had.

3. Injunction will not lie to restrain the continuation of an act which amounts to no more than a disseisin of the plaintiff.

Appeal from the St. Louis Circuit Court, Thayer, J.

*Affirmed* as to the equity count; *reversed* as to the law count, and cause *remanded*.

Thomas J. Portis and E. A. Andrews, for the appellant : Legal and equitable causes of action may be stated in separate counts, and must be tried separately. — *Henderson* v. *Dickey*, 50 Mo. 161; *Jones* v. *Moore*, 42 Mo. 419; *Crowe* v. *Peters*, 63 Mo. 435. Where matters of law and equity are blended in the same count, the court will not sift it narrowly to see whether or not a good cause of action can be made out, either at law or in equity, by rejecting all the rest as surplusage; but it will be held on demurrer, or in arrest, or on writ of error or appeal, as not containing any cause of action whatever which the court can recognize. — *Peyton* v. *Rose*, 41 Mo. 261; *Mooney* v. *Kennett*, 19 Mo. 551. Injunction will not lie to restrain a trespass where the remedy at law is ample. — High on Inj., sects. 458, 459; *Lowndes* v. *Battle*, 33 L. J. (Ch.) 451; *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Schuermeier* v. *St. Paul*, 8 Minn. 113.

GIVEN CAMPBELL and E. P. McCARTY, for the respon--
dent: The statement, in. different counts in the same peti-
tion, of legal and equitable causes of action, is not bad
pleading. — *Maguire* v. *Tyler*, 47 Mo. 127 ; *Henderson* v.
*Dickey*, 50 Mo. 166 ; *Duval* v. *Tinsley*, 54 Mo. 93 ;
*Leeper* v. *Lyon*, 68 Mo. 216. The second count in the
petition in this case states facts sufficient to constitute a.
cause of action. — *Stone* v. *Wendover*, 2 Mo. App. 251 ;
*Ward* v. *Kelly*, 7 Mo. App. 565 ; *Elfrank* v. *Seiler*, 54
Mo. 136 ; *Rowland* v. *Phalen*, 1 Bosw. 60. In an action
for trespass, an injunction may be prayed for in the same
count. — *Ware* v. *Johnson*, 55 Mo. 504. The court prop-
erly tried both counts together. — *Owen* v. *Ford*, 49 Mo.
439. Injunction will issue out of chancery in England to
prevent continuous trespass. — *Mitchell* v. *Dors*, 6 Ves.
147 ; *Grey* v. *Duke*, 17 Ves. 28 ; *Courthope* v. *Mapples-
den*, 10 Ves. 290 ; *Norway* v. *Rowe*, 19 Ves. 144 ;
*Hanson* v. *Gardiner*, 7 Ves. 305*b*, and note *c*. An in-
junction has been accordingly granted when the injunction
amounted in fact to an injunction to stop a trespass. —
*Walts* v. *Railway Co.*, 5 Hare, 199 ; *Webster* v. *Railway
Co.*, 1 Sim. (N. S.) 272. It is well settled law, also, in
this country, that equity will enjoin a continuous trespass. —
*Echilkamp* v. *Schrader*, 45 Mo. 508. " It is not sufficient
that there is a remedy at law; it must be plain and ade-
quate, or, in other words, as practical and efficient to the
ends of justice and its prompt administration, as the remedy
in equity." — *Watson* v. *Sunderland*, 5 Wall. 78 ; *Win-
slow* v. *Nason*, 113 Mass. 411 ; *Clark* v. *Railroad Co.*, 44
Ind. 248 ; *State Savings Bank* v. *Kerchival*, 65 Mo. 688.
Courts of equity, by injunction, will restrain corporations
who attempt, without authority or in excess of authority,
to trench upon individual rights. — *Evans* v. *Railway Co.*,
54 Mo. 463 ; *Stewart* v. *Railroad Co.*, 7 Smed. & M. 568.
Railroad corporations have furnished many causes for
such interference. — *River Co.* v. *Railway Co.*, 1 Eng.

Rail. Cas. 153; *Blakemore* v. *Canal*, 1 Myl. & K. 162; *Ware* v. *Water Co.*, 2 Russ. & M. 486; *Coleman* v. *Railway Co.*, 10 Beav. 1; *Mohawk R. Co.* v. *Archer*, 6 Paige Ch. 88; *Bonaparte* v. *Railroad Co.*, Baldw. 205, 232, 233; *Ross* v. *Railroad Co.*, 2 N. J. Eq. 422; *Western R. Co.* v. *Owings*, 15 Md. 201, 202; *Henry* v. *Railroad Co.*, 10 Iowa, 240; *Richards* v. *Railroad Co.*, 18 Iowa, 260; *Williams* v. *Railroad Co.*, 16 N. Y. 111; *Bloodgood* v. *Railroad Co.*, 18 Wend. 9.

Thompson, J., delivered the opinion of the court.

Our Code of Practice provides that "the plaintiff may unite in the same petition several causes of action, whether they be such as have heretofore been denominated legal or equitable, or both, where they arise out of * * * injuries, with or without force, to person or property. * * * But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligently distinguished." Rev. Stats., sect. 3512. Construing this statute, the Supreme Court has several times held that where a count in equity is united in the same petition with a count at law, there must be separate trials and separate judgments. *Jones* v. *Moore*, 42 Mo. 413, 420; *Henderson* v. *Dickey*, 50 Mo. 161, 166; *Crowe* v. *Peters*, 63 Mo. 429, 435.

The petition in the present case contained two counts: First, a count for damages for trespass to real property; and, second, a count for an injunction to restrain the continuation of the trespass. The second count did not repeat the allegations with regard to title and possession which were contained in the first count, but referred to them in the following language: "And for a further cause of action

plaintiff states that while he was the owner and lawfully possessed of said real estate as aforesaid," etc. A jury was empanelled to try the first count, and all the evidence applicable to both counts was heard at one time and before the jury. The jury found for the plaintiff and assessed his damages at $500. Before the entry of judgment on the verdict, a motion for a new trial was filed. The judge, having taken time to advise on the matter, overruled the motion for a new trial, entered judgment on the verdict for the plaintiff under the first count, and, sitting as a chancellor, found that the plaintiff was not entitled to the relief prayed for under the second count, and dismissed this count.

It is urged that this course of proceeding was erroneous, for two reasons: 1. That the second count is not complete in itself, so that there is really but one count in the petition, which blends together legal and equitable causes of action. This course of pleading has been frequently condemned by the Supreme Court; and the objection would be a good one if it were really applicable to the pleadings in this case. There is no doubt, especially where one count is for a legal, and the other for an equitable cause of action, that each count must be good in itself, and cannot be aided by a preceding count, unless such preceding count is expressly referred to. *Clarke* v. *Iron Co.*, 9 Mo. App. 446. It seems to be the rule in Indiana, where they have a code of pleading such as ours, that one paragraph, as it is there termed, in a pleading, cannot be aided by reference to another. *Mason* v. *Weston* 29 Ind. 561; *Silvers* v. *Railroad Co.*, 43 Ind. 435, 445; *Potter* v. *Earnest*, 45 Ind. 416. But we are unable to perceive any reason, either of policy or convenience, which should carry the rule to this extent. We prefer the common-law rule, which permitted the pleader to save the repeating of matter contained in a preceding count, by making express reference to the preceding count for such matter. This, so far as we know, has been the practice of good pleaders in this State. It was done in

the present case in apt words ; and we therefore hold that the petition is not bad as blending claims for legal and equitable relief in a single count.

2. The other reason urged against the regularity of the trial gives us more difficulty. It is that the court committed error in trying at one time, in a single proceeding, the issues arising under the two counts. We do not see how we can say that the Circuit Court committed no error in so doing, without disregarding the plain language of the Supreme Court in the cases already cited. Nor can we say, where the Circuit Court has adopted a course of trial, against the objection of one of the parties, which the Supreme Court has held to be fundamentally erroneous, that the error was one which did not prejudice. It would seem that, under the count for an injunction, evidence might be admitted to show the irreparable nature of the trespass, if continued, which would have no bearing on the question of the amount of damages which had been already sustained, but which might, nevertheless, have the effect of exaggerating such damages in the minds of the jury. At all events, we feel bound to adhere closely to a rule of procedure which the Supreme Court has laid down, leaving it to the wisdom of that tribunal to make any modification of the rule which experience shall seem to them to require.

We do not wish to be understood as questioning the propriety of the *form* of the judgment which was entered in this case. The rule above quoted, which requires separate trials and separate judgments, is not, as we understand it, infringed by embracing the two judgments in a single record entry, provided the proper recitals are made, which, in the present case, appears to have been done. Aside from the bill of exceptions in this case, the record, as it reads, would imply that there were in fact separate trials, — a trial before a jury of the law count, and a hearing before the judge of the equity count ; but the bill of excep-

tions discloses that there was but one trial, which took place against the objection of the defendant.

The judgment is reversed and the cause remanded. All the judges concur.

THOMPSON, J., delivered the opinion of the court on a motion for rehearing.

A motion for rehearing filed by the plaintiff in this case has served to call our attention to the fact that the opinion of the court already delivered does not dispose of the question arising in the plaintiff's appeal, whether the court rightly refused to enjoin the continuation of the trespass and dismissed the second count for want of equity. It is not necessary to grant a rehearing in order to dispose of this question, as the briefs and arguments already filed afford us all the aid necessary. We will therefore overrule the motion for rehearing, and will look into the record for the purpose of satisfying ourselves whether the second count of the petition, which prayed for an injunction against the trespass, was rightly dismissed for want of equity; for it is competent for us to reverse the judgment upon the law count and affirm it upon the equity count. *Crowe* v. *Peters*, 63 Mo. 429. See *Gamble* v. *Gibson*, *ante*, p. 327.

Our statute relating to injunctions contains this provision : " The remedy by writ of injunction  *  *  *  shall exist in all cases where an injury to real or personal property is threatened, and to prevent the doing of any legal wrong, whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages." Rev. Stats., sect. 2722. We understand this statute to be merely an affirmance by the Legislature of a pre-existing rule of equity jurisprudence ; and the question which we have to consider is, whether an adequate remedy can be afforded for the trespass complained of, by an action for damages. A court of equity will never grant an injunc-

tion to restrain a trespasser upon real property merely because he is a trespasser; the trespass threatened and committed must be of a nature permanently to injure or destroy the inheritance, or otherwise inflict such irreparable mischief as is not susceptible of adequate compensation by way of pecuniary damages. *Weigel* v. *Walsh*, 45 Mo. 560; *Burgess* v. *Kattleman*, 41 Mo. 480; *James* v. *Dixon*, 20 Mo. 79. Under this rule, an injunction was granted, where the trespass was such as would destroy the plaintiff's dwelling-house or render it unfit for habitation. *Echelkamp* v. *Schrader*, 45 Mo. 505. It was also granted in another case to restrain a railroad company from operating its road over the plaintiff's land, unless it should pay into court the damages assessed for the taking of the land, the company being insolvent. *Evans* v. *Railroad Co.*, 64 Mo. 453. And, it may be added that courts of equity will generally interfere to restrain trespasses threatened by persons who are insolvent, because, in such a case, an action for damages would obviously afford no adequate remedy. But there is no suggestion in the record that the defendant in this case is insolvent.

How does the present case stand with reference to these principles? Stating it most strongly in favor of the plaintiff, it may be assumed that the plaintiff has long been the owner of a lot of ground in South St. Louis, which fronts on the Mississippi River, and which is chiefly valuable for that reason; that in 1872 the defendant's grantor, the Pacific Railroad, tortiously entered upon this lot and built a railway spur or side track diagonally across it, upon a trestle-work, about twelve feet high; and that the defendant's grantor, the Pacific Railroad, and the Atlantic and Pacific Railroad Company, under a lease from the Pacific Railroad, and since the beginning of the year 1877, the defendant itself, have been using this track by running trains back and forth over it at frequent intervals, — and all this without the consent of the plaintiff and against her will,

and without having condemned and paid for the land as required by the laws of this State.

What more is this than a partial or total disseisin of the plaintiff, for which she may have adequate compensation in an action at law for damages? There are here none of the elements which are found in cases where courts have enjoined trespasses upon real property ; no severing from the realty and carrying away of valuable timber, stone, or ores ; no injury to the inheritance ; no destruction or invasion of the plaintiff's habitation ; no insolvency of the defendant. Without intimating an opinion whether it is a proper case for ejectment, it is clear that she may maintain an action for the damages which she has sustained through the trespass ; or that, waiving the tort, she may maintain an action as on an implied contract for the rental value of the premises during the time the defendant has thus occupied them. We see nothing in the facts of this case to distinguish it in principle from the constantly recurring case where one man tortiously occupies the vacant land of another, puts a dwelling-house or other building upon it, and goes in and out of it by himself and his servants from day to day. In such a case, if nothing further appears, it is clear that an injunction will not be awarded ; for to do so would be to substitute the discretion of the judge in a suit in equity for the verdict of a jury in an action of trespass or ejectment — a thing which our law does not countenance.

"Where the trespass complained of," says Mr. High, " consists in the erection of buildings upon the complainant's land, a distinction is taken between the buildings when in an incomplete, and when in a finished state. And while the jurisdiction is freely exercised before the completion of the structures, yet if they have been completed, the relief will generally be withheld, and the person aggrieved will be left to his remedy by ejectment." 1 High on Inj. (2d ed.), sect. 707. We do not perceive a distinction in principle between the case of the erection of a building, and the erection of a side-track by a railway company.

Nor do we think this is a case for this relief on the ground that the trespass is continuous in its nature. We agree with the learned judge of the Circuit Court, in the opinion delivered by him, that "the continuous character of the trespass is a fact to be regarded, but it is not sufficient in itself, without other circumstances, to authorize injunctive relief." It is obvious that if this were not so, any continuing dispossession by a trespasser would authorize an injunction, and the remedy would thus become a complete substitute for ejectment.

We also agree with the learned judge of the Circuit Court that this is not a case where an injunction ought to go on the ground that it is necessary to prevent a *multiplication of suits.* " To warrant the interference in such cases," says Mr. High, " there must be different persons asserting the same right, and the principles upon which relief is granted have no application to a repetition of the same trespass by one and the same person, the case being susceptible of compensation in damages." 1 High on Inj., sect. 700. " It has never been supposed," said Lumpkin, J., in *Hatcher* v. *Hampton,* 7 Ga. 49, 52, " that because one person chooses daily to pull down the fence of another, this would authorize the courts of chancery to restrain the intruder by injunction."

The learned judge also stated in his opinion that the second count would not support the prayer for an injunction, because it was not complete in itself, without reference to matter contained in the first count. Upon this point, he said in his opinion: " The second count of the petition, taken by itself, is incomplete. It is only by reference to the first count, and by adopting some of the averments contained in that count, that any cause of action is stated. As I understand the rules of pleading, when equitable and legal causes of action are joined in one petition, each must be complete in itself. Before the Code they could not be joined at all, and under the Code, though they may be embraced in one petition, yet they must be separately stated,

and each must contain the *essential averments* necessary to make out a cause of action. That is to say, it is only necessary to have one caption to the petition and one statement of the venue ; but when it comes to a statement of the facts constituting the cause of action, each count must be complete in itself. If any other rule were adopted, it would lead to inextricable confusion. I think, therefore, that the objection taken to the second count on the ground that it is not complete in itself, is well taken, and that it would not support an injunction if the same were awarded."

We considered this question in our former opinion, and our conclusion was that we did not consider this bad pleading. We find that the question was before this court in the case of *Stone* v. *Wendover*, 2 Mo. App. 247, 250, though that was not a case where one count was for a legal and another for an equitable cause of action ; and it was held not necessary to repeat, in the second count, facts already stated in the first count.

It is not necessary, however, to decide this question in the present case, so far as it relates to cases where one count is a count at law and the other is a count in equity ; and we prefer to be understood as not deciding it.

The judgment of the Circuit Court dismissing the second count of the plaintiff's petition for want of equity is affirmed. All the judges concur.