JOHN SILLS, Respondent, v. LOUIS P. GOODYEAR et al.,
Appellants.

### Kansas City Court of Appeals, April 24, 1899.

1. **Injunction:** FORCIBLE ENTRY AND DETAINER: REPEATED TRES-
PASSES. An action for forcible entry and detainer tries only the
right to possession and repeated forcible entries by an insolvent
trespasser will be enjoined since the action at law is inadequate to
do justice and protect the right. Cases considered and distinguished.

2. ————: DISPUTED TITLE: CONDITIONS OF WRIT. Where an injunc-
tion is sought against an insolvent trespasser for repeated forcible
entries and the title is in dispute and uncertain, the writ should be
temporary and conditioned to become perpetual unless the tres-
passer with reasonable diligence brings a proper action to try the
title.

*Appeal from the Platte Circuit Court.*—HON. W. S.
HERNDON, Judge.

REVERSED AND REMANDED (with directions).

GEORGE W. DAY for appellants.

' (1)  Where a court of equity once takes jurisdiction of a
matter it will do complete justice in all matters before it; and
the dismissal of the plaintiff's petition will not prevent defend-
ants having proper affirmative relief.  Jordan v. Harrison, 46
Mo. App. 172; Woodard v. Mastin, 106 Mo. 324; Reyburn v.
Mitchell, 106 Mo. 365; Story's Equity Pleading [9 Ed.], sec.
399.  (2)  The remedy by injunction should be regarded
favorably when asked to prevent a multiplicity of suits, or
where its refusal will force the parties to repeated actions at
law.  Damschroeder v. Thias, 51 Mo. 100; Hayden v. Tucker,
37 Mo. 214; Turner v. Stewart, 78 Mo. 480; Coal Co. v. St.
Louis, 130 Mo. 323.  (3)  That the plaintiff was in possession
of the land, and the injunction sought by the defendants  was

therefore mandatory in its character, is no valid objection; such injunctions are too firmly established in our equity jurisprudence to be questioned. 1 High on Injunctions [3 Ed.], sec. 358, p. 269; Eliot v. Merchants' Exchange, 14 Mo. App. 234; Chouteau v. Railway, 22 Mo. App. 286; Brewing Co. v. Waterworks, 34 Mo. App. 49; Albers v. Merchants' Exchange, 39 Mo. App. 583. (4) Injunction is a proper remedy to settle the rights of parties who are contending for the possession of real estate. Fulbright v. Higginbotham, 133 Mo. 668; Coal Co. v. St. Louis, 130 Mo. 329; Swope v. Weller, 119 Mo. 556; Prickett v. Wells, 117 Mo. 503; Spencer v. O'Neill, 100 Mo. 49; Primm v. Raboteau, 56 Mo. 407.

NOYES & HEATH and ·RONEY & CHINN for respondent.

(1) No questions of title were passed upon by the forcible entry and detainer suit. R. S. 1889, sec. 5111; Harvie v. Turner, 46 Mo. 447. (2) Where the title to the property is doubtful and denied in answer, no injunction will be granted. Irwin v. Dixon, 9 How. 28, sec. 10; Storm v. Mann, 4 John. Ch. 21; Water Power Co. v. Tibbetts, 31 Conn. 165. (3) An injunction or bill of peace can not be maintained on the grounds of vexatious litigation, unless the title to the land in dispute has been fully settled at law. Patterson v. McCamant, 28 Mo. 210; Marmaduke v. Railroad, 30 Mo. 545; Arnold v. Klepper, 24 Mo. 277. (4) Where the title is in dispute, the courts will not enjoin the party in possession. They will not even enjoin the claimant, under color of title, from entering into possession. Smith v. Jameson, 91 Mo. 13; Burris v. Means, 30 S. E. Rep. 112. (5) If respondent was a trespasser, an injunction would not be granted. Crenshaw v. Cook, 65 Mo. 264; Jerome v. Ross, 7 John. Ch. 315; Kennedy v. Elliott, 85 Fed. Rep. 832; Anderson v. St. Louis, 47 Mo. 486; Owen v. Ford, 49 Mo. 436; 1 Hugh on Injunction [2 Ed.], 700, 707; Hatcher v. Hampton, 7 Ga. 49, 52.

SMITH, P. J.—This is a suit in equity which was brought to set aside a judgment on the ground of fraud.

The answer puts in issue the allegations of fraud contained in the petition and by way of cross-petition the defendants alleged that on the twelfth day of September, 1896, they were the owners and in possession personally and by tenants of a certain tract of land therein described, and that on the day and year aforesaid plaintiff, Lee Landon and Frank Abbey made forcible entry into said tract and withheld the possession thereof from defendants, and that on the twenty-second day of said month and year the defendants began an action of forcible entry and detainer against plaintiff, Landon and Abbey before a justice of the peace and such proceedings were therein had that judgment was given against said plaintiff, Landon and Abbey in favor of the defendants herein that they have and recover possession of said tract; that thereafter an appeal was taken from the said judgment to the circuit court where the said judgment was subsequently affirmed; that a writ of restitution was issued on said judgment, which the sheriff executed by removing from said tract all of plaintiff's property and putting the defendants herein in the possession thereof; that the plaintiff without authority so to do, re-entered upon and took possession of a small portion of said tract prior to the filing of his petition and then threatened to extend his possession to the entire tract. That before and since his re-entry upon said tract plaintiff had declared his intention to hold it against defendants and all others; that he would do personal violence to any person who should interfere with his said possession; that in such manner he intimidated defendants and those whom they sought to place in possession since delivery of the same to them thereby preventing them from continuing in the possession given them under said writ; that defendants had reason to and do fear that plaintiff would do them and their tenants bodily harm if

STATEMENT.

they attempt to go upon said land for any purpose; that plaintiff is insolvent and has declared that he would hold said real estate at all hazard, and if ejected by legal process would reenter in defiance of law so that the usual and ordinary processes of the law are wholly inadequate for the enforcement of defendant's rights and the protection of their persons and property. Defendants prayed that plaintiff's petition be denied; that he be restrained and enjoined from entering or re-entering upon said real estate and any part thereof, and from interfering by violence or threats with the quiet and peaceable enjoyment of the possession thereof by defendants and for such other and further relief as to the court may seem just and equitable.

There was a trial resulting in the dismissal by the court of both petition and cross-petition and a decree accordingly. After an unsuccessful motion by defendants for rehearing, the defendants appealed.

We conclude from an examination of the testimony that it supports the allegations of the cross-petition in relation to the trespasses. The action of forcible entry and detainer merely determined the question as to whether the defendants therein INJUNCTION: forcible entry and detainer: repeated trespasses. had made a forcible entry and detainer on the possession of the plaintiff, and if the former made such forcible entry then the latter was entitled to a judgment restoring to him the possession. The effect of the judgment in the forcible entry and detainer action was to place the plaintiff *in statu quo.* Neither the title nor the right to the possession was in issue. If such defendants had a cause of action they could have asserted it in a legal proceeding. Craig v. Donnelly, 28 Mo. App. 342; Beeler v. Cardwell, 29 Mo. 72.

After the suit of forcible entry and detainer had been prosecuted to judgment and the possession restored to the plaintiff therein under the writ there was nothing more that it could accomplish. It was at an end.

Sills, one of the defendants in that suit, instead of asserting his right, if any he had, to the possession in an appropriate action at law, forcibly re-entered and with threats and intimidation deprived the defendants herein of the possession which had been restored to them under the writ. If the defendants should bring another action of forcible entry and detainer and recover the possession what would it avail them, in view of the fact of the plaintiff's threat that he would "stay there and it did not make any difference how often he was put off he would be back there all right." Why multiply suits of this kind? If the defendants were to sue plaintiff for his trespasses it would afford them no redress, since it is not disputed that the plaintiff is utterly insolvent. For this persistent and contemptuous disregard of the legal rights of the defendants and the virtual disregard of judicial process will not a court of equity interfere to prevent future repetition? Overall v. Ruenzi, 67 Mo. 203.

The law, it is plain, will afford defendants as against plaintiff no complete and adequate redress for the wrongful invasion by the latter of the former's possession. Will not equity, in such case, afford defendants relief adequate to save them from the plaintiff's trespasses and the consequences thereof? There are numerous adjudged cases to the effect that where a trespass to property consists of a single act and it is contingent, fugitive and temporary in its nature and effect, so that the legal remedy of damages is adequate, equity will not interfere. But where repeated acts are done or threatened, though each of the acts by itself may not be destructive of the estate or cause irreparable injury, and the legal remedy might be adequate for each single act, if it stood alone, yet, in such case, the entire wrong may be stopped or prevented by injunction. These cases are cited in note 2 of section 1135 of Beach on Injunctions.

It has been decided in this state that in cases where the defendant is solvent and the injury will not work irreparable mischief an injunction will not lie. Damschroeder v. Thias,

51 Mo. 100; Burgess v. Kattleman, 41 Mo. 481; Weigel v.
Walsh, 45 Mo. 560; Railway v. Maddox, 92 Mo. 469; Mining
Co. v. Mining Co., 50 Mo. App. 525. Though the injury
will not work irreparable mischief and the damages are sus-
ceptible to adjustment and pecuniary compensation, equity
will interfere by its injunctive process if the defendant be
insolvent, because, in such case, an action for damages would
obviously afford no adequate remedy. Boeckler v. Railway,
10 Mo. App. 448; James v. Dixon, 20 Mo. 79; Echelkamp v.
Schrader, 45 Mo. 505; U. S. v. New Orleans, 17 Fed. Rep.
483; Case v. Beauregard, 101 U. S. 688; Watson v. Suther-
land, 5 Wall. 78. Of course an injunction will not be granted
to restrain a trespasser merely because he is a trespasser.
Jerome v. Ross, 7 John. Ch. 315; Echelkamp v. Schrader,
*ante;* James v. Dixon, *ante.*

The trespasses here complained of were frequent and of
every day occurrence, and these wrongful acts the plaintiff has
threatened to repeat. The remedy would not be adequate to
require the defendants to bring an action at law every time the
injury was repeated, even if the defendant was solvent.
They would be entitled to relief in equity by injunction in
order to prevent a multiplicity of suits. Damschroeder v.
Thias, 51 Mo. 100; Coal Co. v. St. Louis, 130 Mo. 323;
Michael v. St. Louis, 112 Mo. 610; 3 Pomeroy's Eq. Jur., sec.
1357; Owens v. Crossett, 105 Ill. 354; Shaffer v. Stull, 32
Neb. 94.

Patterson v. McCamant, 28 Mo. 210, and Marmaduke v.
Railway, 30 Mo. 545, have no bearing or pertinency to a case
like the present. Those cases decide no more than that a
party can not be enjoined from prosecuting his action of
ejectment until the title has been settled at law.

But it appears from the pleadings that the title to the
*locus in quo* was in dispute at the time the defendants filed
their cross-petition. The plaintiff claims title
by adverse occupancy while the defendants
claim it by accretion. It may be that the title

——: disputed title:
conditions of
writ.

by reason of plaintiff's adverse occupancy has passed to and vested in him, and if so he has the right to the possession and ought not to be precluded from acquiring it. But if a permanent injunction be ordered he would be thereby inhibited against in any wise intermeddling with the property. His right therefore to litigate the title in an action at law should be preserved to him.

In view of this we shall reverse the decree dismissing the defendants' cross-petition and direct the circuit court to order a temporary injunction restraining and inhibiting the plaintiff from entering upon the premises in dispute, or any part thereof, and from any wise interfering or intermeddling therewith, or with the possession and enjoyment thereof by the defendants, their tenants and servants, to be made perpetual unless plaintiff shall immediately institute his suit at law to establish his title to the disputed premises and prosecute the same with effect.

The effect of the issue and execution of the injunction will be to place the parties where they were when the writ of restitution was executed and the defendants put in and the plaintiff put out of possession. The defendants when so in the actual possession will have no occasion to sue. The plaintiff is the proper party to bring the action to test the rights of the parties at law, and if he fails to do this he will have no just grounds to complain if the injunction is made perpetual against him in consequence of his negligence. Echelkamp v. Schrader, *ante;* Smith v. Jameson, 91 Mo. 13.

Decree reversed with the directions hereinbefore sufficiently indicated. All concur.