WILLIAM WEGNER, Respondent, v. STELLA GRAY, Appellant.

St. Louis Court of Appeals, November 16, 1909.

JUSTICES' COURTS: Sufficiency of Statement: Failure to Disclose Demand in Favor of Plaintiff: Waived by Failure to Make Timely Objection. Where a statement filed in a justice's court did not disclose a demand in favor of plaintiff, and, on appeal to the circuit court, no objection to the reception of evidence was made nor the statement challenged in any other mode, but the case was tried on the merits, such statement will not be held insufficient in this court, on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

AFFIRMED.

*E. N. Robinson* and *S. C. Rogers* for appellant.

(1) The court erred in refusing to give defendant's instruction in the nature of a demurrer at the close of plaintiff's case. "Before any process shall be issued in any suit the plaintiff shall file with the justice . . . or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded." R. S. Mo. 1899, sec. 3852. Parties are bound to set out their name. Revis v. Lamme & Bro., 2 Mo. 207; State v. Patterson, 159 Mo. 98. The statement is insufficient to bar another action. (2) The court erred in refusing to arrest the judgment. The plaintiff's case is unsupported by the evidence. Miller v. Herbert, 62 Mo. 682. The statement as filed and under the evidence in this case would not bar another action against defendant by Wegner or American Wall Paper Co., as the authority for the action is not shown, whether Wegner was the original creditor or assignee or whether American Wall Paper Company was a partnership or corporation.

*J. P. Vastine* for respondent.

Appellant claims the statement of account filed with the justice was insufficient. It gives date, day, month and year, character of work, place where done, name in which work was done and name of plaintiff. "If it apprises the opposite party of the nature of the action and is sufficient to bar another action, it is sufficient." Dalton v. U. R. Co. of St. Louis, 134 Mo. App. 392; Printing Co. v. Belcher, 127 Mo. App. 133.

GOODE, J.—Action begun before a justice of the peace on an account for plastering and papering at No. 511 Clark avenue. The case proceeded to the circuit court where plaintiff had judgment and defendant appealed. Plaintiff is a dealer in wall paper at No. 618 South Fourth street, St. Louis, and defendant resides at No. 521 Clark avenue. He testified she sent for him about September 1, 1905, and said she wanted some work done at No. 511 Clark avenue. Plaintiff went there with her and a man named Gus Sticglitz, who intended to run a restaurant in the first story of the house, No. 511. Plaintiff testified defendant showed him what work they (defendant and Sticglitz) wanted done. He gave her an estimate of what the work would cost, she selected the paper and made suggestions about it, and was at the building every day during the progress of the work. An attempt was made to prove the work was ordered by Sticglitz and he was the person to whom plaintiff extended credit, afterwards charging the bill to defendant because she was financially responsible, whereas Sticglitz was not. Suffice to say as to this defense the evidence was conflicting, but warranted a finding that the work was done by plaintiff for defendant and on her credit. The case was tried and disposed of by the court without a jury and no declarations of law were asked. It is now contended the account was insufficient under the statutes to give the court jurisdiction. [Revised

Statutes 1899, sec. 3852.] There is nothing in this point worthy of examination except as regards the name of the creditor in the account, which, as made out and sued on, named defendant as debtor to the American Wall Paper Company of No. 618 South Fourth street, but also had the name of Wegner above that of the company. Perhaps the account as filed before the justice had better be set forth:

"W. Wegner. St. Louis, Mo., Dec. 10, 1907.
Miss Stella Gray
To American Wall Paper Company, Dr.
618 South Fourth Street.
Kinloch, Central 4610.

| Terms Cash. | Estimates Furnished. |
|---|---|
| To plastering as per agreement at 511 Clark Ave. | $18.00 |
| To papering 6 rooms, hall, toilet and store at 511 Clark Ave. | 58.00 |

$76.00"

Counsel for defendant attempts to explain the account being in the name of the American Wall Paper Company from some testimony plaintiff gave that, about three years before the trial, he had bought out a man named Woerhli; had "bought everything, accounts and all, from Woerhli." We do not see how that circumstance explains the matter, for there is no proof Woerhli, more than Wegner, did business as the American Wall Paper Company. Moreover, plaintiff testified he was by himself when the work in controversy was done. The account describes the American Wall Paper Company as of 618 South Fourth street, which was plaintiff's place of business; and though he did not testify he did business under the style of the American Wall Paper Company, from the form in which the account is made out, it is likely he did. The question is whether the judgment is to be reversed because of the

form in which the account was filed as a statement. If the sufficiency of the account had been challenged by an objection to the reception of evidence, or in any other proper mode, likely it would have been held insufficient as a statement of a cause of action, in failing to disclose a demand in favor of plaintiff. [Crescent Fire Ins. Co. v. Raddatz, 28 Mo. 210; Smith v. Zimmerman, 29 Mo. 249.] Nothing of the kind was done, but the case was tried on the single issue of whether plaintiff Wegner had extended credit to defendant or to Sticglitz. The account stared defendant in the face and the proper time to object to it was previous to or during the trial. As this was not done, we must hold the error now assigned is not well taken. The exact point was decided in New England, etc., Co. v. Brown, 59 Mo. App. 461; see, too, Trustees Warrenton v. Schowengerdt, 8 Mo. App. 571; Hammons v. Renfrow, 84 Mo. 332; Fowler & Wild v. Williams, 62 Mo. 403.

The judgment is affirmed. All concur.