## PUBLIC SERVICE CORPORATION

### *v.*

### TOWN OF WESTFIELD.

#### [Decided July 13th, 1913.]

1. Where the jurisdiction of this court was invoked by complainant's bill expressly on the ground of irreparable injury, and the legal rights of complainant were submitted for decision to the court at final hearing upon the basis that if they existed the complainant was entitled to protection against this irreparable injury, and the complainant itself did not by its bill or at the hearing ask that this be settled at law, nor did the defendant insist on any right to have a settlement at law, the circumstances of irreparable injury gave it undoubted jurisdiction of the case, and a right, so far as the question is one of jurisdiction, to proceed to the final determination of the cause.

2. Where the complainant can settle the legal title by action at law, and the injury complained of is not irreparable, the court of equity, even at final hearing, and when the parties have tried and submitted the question of title to the court without objection or request for trial

at law, should not ordinarily settle the title and protect it by final decree, but retain the bill until complainant had reasonable opportunity to establish its title at law.

3. The rule is established that where the jurisdiction of the court to protect complainant's legal title is based on the ground of irreparable damage, and the defendant, without proper objection by its answer or otherwise, goes to hearing on the merits, any right to a settlement of title at law may be considered as waived and the court has, as a matter of jurisdiction, the right to settle the title at final hearing, and on the question of exercising this right instead of holding the case for settlement at law, will consider all the circumstances of the case.

Memorandum on form of decree and application to hold cause for trial at law.

*Mr. Frank Bergen,* for the complainant.

*Mr. Paul K. Oliver,* for the defendant.

EMERY, V. C.

In making the suggestion at the close of my opinion filed in this case (*Public Service Corporation* v. *Westfield, 80 N. J. Eq.* (*10 Buch.*) *295, 304*), that if the complainant would file a stipulation to appear to any suit brought by defendant on its legal rights, I would consider an application to continue an injunction pending the trial of the suit at law, and in announcing my decision at the close of the hearing on the application, I had in mind the general course which seemed to be indicated in the late opinion of the court of errors and appeals, which was decided after the hearing in this suit. *Imperial Realty Co.* v. *West Jersey, &c., Railroad Co., 79 N. J. Eq.* (*9 Buch.*) *168,* decided November 20th, 1911. In that case an injunction was granted on final hearing; in this case, to restrain interference with complainant's right of way over an alley on defendant's land, and it was held, on appeal, that the aid of a court of equity in the enforcement of a legal right, the existence or extent of which is disputed, cannot be invoked until the right is settled at law, and there being a substantial dispute as to the extent of complainant's alleged right, the decree below was reversed. Inasmuch as the complainant in the present suit is in possession, and

therefore could not bring an action at law to settle the title of the land occupied by the poles, the only method of settling the title at law would be by defendant bringing the action and requiring the complainant to stipulate to appear in such action. Where the defendant is thus required to bring the suit as the only party who can raise the question of title at law, the method of enforcing such suit at law is to direct that the injunction be made permanent unless such action be brought in a reasonable time. *1 Pom. Eq. Rem. § 506,* citing *Echelkamp* v. *Schrader, 45 Mo. 505.*

On further consideration, and before signing any order on the application, the question arose whether there is not a jurisdiction in equity to settle the legal title on its own final decree in this case upon the ground that its jurisdiction on the original bill is really based on the question of irreparable injury —a clearly settled ground for jurisdiction. This would seem to be the distinction which is drawn in the previous decisions of the appellate court which were relied on in the *Imperial Realty Co. Case* as settling the law. These cases were *Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507; Borough of South Amboy* v. *Pennsylvania Railroad, 77 N. J. Eq. (7 Buch.) 242; Mason* v. *Ross (1910), 77 N. J. Eq. (7 Buch.) 527.* In *Mason* v. *Ross* the decision of the court in *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416,* was referred to as specifying the exceptional classes of cases in which equity had power to entertain jurisdiction over legal rights and enforce them. Among these classes are—at *p. 420 (6)* "those where the object of the bill is to prevent an injury which will be destructive of the inheritance, or which equity deems irreparable, *i. e.,* one for which the damages which may be recovered according to legal rules do not afford adequate compensation."

The wrongful removal of poles in actual use for the purpose of supplying electric light or telephone and telegraph service, belongs to this class considered as irreparable injuries. *American Union Telegraph Co.* v. *Town of Harrison (Vice-Chancellor Van Fleet, 1879), 31 N. J. Eq. (4 Stew.) 627 (at p. 629).*

The jurisdiction in this suit was invoked by complainant's bill expressly on this ground of irreparable injury, and the legal

rights of complainant were submitted for decision to the court at final hearing upon the basis that if they existed the complainant was entitled to protection against this irreparable injury. The complainant itself did not either by its bill or at the hearing ask that this be settled at law, nor did the defendant insist on any right to have a settlement at law. The question, therefore, is whether the court of equity has not in cases of this character, where the circumstances of irreparable injury gave it undoubted original jurisdiction of the case, a right, so far as the question is one of jurisdiction to proceed to the final determination of the cause. Where the complainant can settle the legal title by action at law, and the injury complained of is not irreparable, the court of equity, even at final hearing, and when the parties have tried and submitted the question of title to the court without objection or request for trial at law, should not ordinarily settle the title and protect it by final decree, but retain the bill until complainant had reasonable opportunity to establish its title at law. *Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507; Delaware, Lackawanna and Western Railroad Co.* v. *Breckenridge, 55 N. J. Eq. (10 Dick.) 141, 150; affirmed, Ibid. 593 (1897).*

As bearing upon this question of jurisdiction in equity to settle disputed legal title at final hearing, I have examined all of the cases cited by Mr. Justice Dixon in *Hart* v. *Leonard,* under class (6), cases of destruction to the inheritance or "irreparable injury," and find that, with one exception (*Zinc Company* v. *Franklinite Company, 13 N. J. Eq. (2 Beas.) 322,* and *15 N. J. Eq. (2 McCart.) 418),* every decision was rendered on an application relating to preliminary injunction, and these decisions, applied strictly as precedents, may, undoubtedly, be placed on the auxiliary jurisdiction for protection of property pending the establishment of the legal title. But in none of these preliminary injunction applications does the application seem to have been put specially on the ground of protection pending settlement of title at law, or upon any ground other than that relating to the legal title of the respective parties as a matter to be determined either upon the motion itself or upon final hearing in the court of equity. In four of the cases re-

ferred to, the court of chancery, after granting preliminary injunctions, settled on final hearing the disputed legal title: *Zinc Company* v. *Franklinite Company* (*Chancellor Green, 1861*), *13 N. J. Eq.* (*2 Beas.*) *322, 350; Johnston* v. *Hyde* (*Chancellor Runyon, 1880*), *32 N. J. Eq.* (*5 Stew.*) *446; Fulton* v. *Greacen* (*Vice-Chancellor Van Fleet, 1886*), *44 N. J. Eq.* (*17 Stew.*) *444; Lord* v. *Carbon Iron Co.* (*Vice-Chancellor Van Fleet, 1886*), *42 N. J. Eq.* (*15 Stew.*) *157;* and in two of these the court of errors and appeals also established the legal title on appeal—*Zinc Company* v. *Franklinite Company* (*1862*), *15 N. J. Eq.* (*2 McCart.*) *418; Johnston* v. *Hyde* (*1881*), *33 N. J. Eq.* (*6 Stew.*) *632.* In the appellate court the *Zinc Company Case,* however, was decided as one involving the *equitable* as well as legal title, *15 N. J. Eq.* (*2 McCart.*) *436.* The jurisdiction of the court of equity in cases of irreparable injury, to establish at final hearing the legal title where the right to its establishment at law is not asserted by the answer, is confirmed by the earlier decisions of the court of errors and appeals—*Holmes* v. *Jersey City* (*Court of Errors and Appeals, 1857*), *12 N. J. Eq.* (*1 Beas.*) *299;* where the question of legal title, involving as it did a mere question of law (at *p. 310*), was finally decided upon the application for a preliminary injunction which was made permanent, and the decree of the chancellor dissolving the injunction was reversed. In *Morris Canal and Banking Co.* v. *Jersey City* (*Chancellor Williamson, 1859*), *12 N. J. Eq.* (*1 Beas.*) *253,* irreparable damage was expressly relied on (at *p. 263*) as an exception to the general rule that the court would not settle questions of legal title, and the failure of the defendant to assert in the answer an objection to the jurisdiction on this ground and coming to hearing on the merits was held to be a waiver of any objection to jurisdiction— following on this point *Holmes* v. *Jersey City, supra.* The chancellor established complainant's legal title on final hearing, and on the appeal, the court of errors and appeals—*12 N. J. Eq.* (*1 Beas.*) *547* (*1859*)—reversed the decree, and dismissed the bill, on the merits of the case, considering and settling the legal title. Chancellor Green, in *Zinc Company* v. *Franklinite Company, 13 N. J. Eq.* (*2 Beas.*) *supra,* after stating that the

course most consistent with the practice and inclination of the court, where an injunction (to protect against irreparable damage) was granted, was to have the right tried at law, held, that on account of the peculiar circumstances of the case, the question of legal title should be decided at final hearing, and the chancellor and the court of errors and appeals on appeal did settle the legal title, as well as the equitable title, which was also involved. These decisions of the court of errors and appeals, earlier than *Hart* v. *Leonard* (a case not involving irreparable damage), seem to establish the rule that where the jurisdiction of the court to protect complainant's legal title is based on the ground of irreparable damage, and the defendant, without proper objection by its answer or otherwise, goes to hearing on the merits, any right to a settlement of title at law may be considered as waived and the court has, as a matter of jurisdiction, the right to settle the title at final hearing, and on the question of exercising this right, instead of holding the case for settlement at law, will consider all the circumstances of the case. With these qualifications, the exception as stated in class (6) in *Hart* v. *Leonard* is applicable to the exercise of the jurisdiction on final hearing. In the later cases above referred to in its opinion (*Imperial Realty Co.* v. *West Jersey Railroad Co.*), the court of errors and appeals, of its own motion and without regard to the waiver or consent of the parties in going to final hearing or other special circumstances in the cases, declined to exercise jurisdiction as at final hearing on appeal, and either dismissed the bill where the jurisdiction in equity had been objected to, or held the cause for settlement of title at law where objection had not been made below. But in none of these cases was the prevention of irreparable damage the object of the suit, and, therefore, it should not be considered that any of these later decisions overruled, or was intended to overrule, the practice previously established in this class of cases. The view generally taken in other states is that the court of equity having taken jurisdiction to protect against irreparable injury, has the right to do complete justice and settle the conflicting title. *1 Pom. Eq. Rem.* § *506.*

The application (which was made pursuant to the original suggestion of the court) should be denied. In view of the nature of the questions involved, which are purely matters of law, there can be no question, I think, that the ends of justice would be better sustained by an immediate settlement of the disputed questions here, and on appeal from the chancery decree, than by a delayed settlement through another action at law, with a final appeal to the same appellate court.

The application will therefore be denied and decree will be advised dismissing complainant's bill on the merits of the case.