D. C. STEELE, R. F. McCREERY AND R. O. HARMON, APPELLANTS, v. LUTHER I. ALLISON, RESPONDENT.—73 S. W. (2d) 842.

Springfield Court of Appeals.  June 18, 1934.

Motion for rehearing denied July 30, 1934.

*Orville Zimmerman* and *Wammock & Cooper* for appellants.

*W. L. Proffer* for respondent.

BAILEY, J.—This is a suit in equity to enjoin defendant from trespassing upon lands alleged to be owned by plaintiffs. The petition states that plaintiffs, D. C. Steele and R. F. McCreery were and are the owners of the West fractional half of Section Seven, in Township Seventeen, Range Eight, East, in Dunklin County, Missouri; that plaintiff R. O. Harmon is the tenant of said plaintiff owners; that they were at all times thereinafter mentioned and still are in possession of said real estate; that they have made valuable improvements on said land, consisting of the building of residences, clearing land, building fences and cultivating about one hundred acres thereof; that defendant, Luther Allison, has no right, title or interest therein, but that he is threatening and attempting to get possession of said real estate and to drive plaintiff, R. O. Harmon from said real estate and deprive plaintiffs of the use and value of said lands; that in attempting to carry out said purpose defendant has been trespassing upon said farm and continues to do so; that said trespasses and threats deprive plaintiffs of the peaceable possession of said land and will continue to do so; that said defendant is wholly insolvent and plaintiffs have no adequate remedy at law, wherefore an injunction against the defendant is prayed.

In his amended answer defendant admits that he is in possession of Lots 1, 2, 4 and 5 of said Section Seven, but denies that plaintiffs are now or were at any time alleged in the petition in possession of said lands; denies that plaintiffs have made any improvements on said lands; denies that defendant has committed any trespasses and denies each and every other allegation in said petition contained.

Defendant further alleged that he entered upon and took possession of said land, on August 4, 1927, and began making improvements thereon consisting of a dwelling house on Lot 5, a log barn, chicken house, cleared a part of the land, built fences, etc., and has been in the open and continuous possession of said land since the fourth day of August, 1927, and owns and claims title thereto by reason of having filed his application for homestead on said lots, with the United States Department of the Interior, General Land Office, in Washington, D. C., on December 18, 1930, and by paying the required fee and now holds the receipt therefor; that said application was made in pursuance to an order of the Land Office of the Interior Department, opening certain lands in Dunklin County, including the lands herein described; that defendant now holds possession of said lands under color of title from the United States Government;

that plaintiffs have a complete and adequate remedy at law and prays that the temporary restraining order, issued on plaintiff's petition, be dissolved and the writ denied.

In their reply plaintiffs allege that the land intended to be described are Lots 4, 7, 8, 9 and 10 and that part of Lot 2 South of Ditch No. 4, in said Section 17; that said lands were erroneously omitted from the original survey made by the United States in 1849; that Dunklin County acted upon the belief that said lands were swamp and overflow lands as were contemplated by the Act of Congress of September, 1850, and passed to the State of Missouri, without a patent from the United States; that Dunklin County, after having the lands surveyed, sold said lands and plaintiffs became the mesne grantees of said lands from Dunklin County. The reply contains other allegations, as follows: ''Further replying plaintiffs say that the General Land Office of the United States has caused said lands so omitted from the original survey to be surveyed and is now proceeding to a determination of the character of the said land on September 28, 1850, and to determine whether said lands were on September 28, 1850, in fact swamp and overflowed lands as contemplated by the Act of September 28, 1850, or whether said lands were not on that date swamp and overflowed lands and are now a part of the public domain and are public lands subject to be homesteaded.

For a further reply, plaintiffs say that by an order of D. K. Parrott, Acting Assistant Commissioner of the General Land Office of the United States at Washington, D. C., a hearing was ordered in the case of State of Missouri, plaintiff's remote grantor, v. Luther I. Allison, to be held at nine o'clock A. M., on October 29, 1931, before H. Sam Jones, a Notary Public, at his office in the Bank of Senath building, at Senath, Missouri, that said hearing was commenced and has been adjourned from day to day and from time to time and is now set for completion on Wednesday the 23rd day of March, 1932, with a view to determine the character of lots one (1), two (2), four (4) and five (5) in Section Sevent (7), Township Seventeen (17) North, Range Eight (8) East of the Fifth Principal Meridian, and other lands whether dry or swamp at the date of the swamp land grant on September 28, 1850.''

Defendant thereafter filed a motion to dissolve the injunction for the reason, among other things, that the circuit court had no jurisdiction. The cause was, on change of venue, transferred to Butler County, where it was tried before the circuit court and an order made which is, in part, as follows: ''The court being now sufficiently advised in the premises and it appearing to the satisfaction of the court that this cause is not within the jurisdiction of the court herein, it is therefore considered and ordered by the court, that this cause be and the same is hereby dismissed for lack of jurisdiction of this

court to hear and determine same. It is further ordered by the court that the plaintiff pay all costs in this suit herein laid out and expended, and that hereof execution may issue therefor."

From this order plaintiffs have appealed.

The hearing before the circuit court was on the motion to dissolve and therefore defendant offered evidence in support thereof. Plaintiffs offered no evidence except their warranty deed from a certain William Kling and wife, dated May 29, 1925, and recorded June 15, 1925, conveying what purports to be the land included in this controversy, as well as other lands. Defendant and several witnesses for him testified in support of the allegations of defendant's motion. There can be no question under the evidence that defendant has been in actual possession of at least a part of the land in controversy since January, 1927, and that he has made valuable improvements thereon, claiming all the land under color of title. On the other hand some of defendant's witnesses gave testimony indicating that plaintiffs had been in at least constructive possession of part or all of this land since they obtained the deed aforesaid. In other words no court can reasonably decide from this record which of the parties are now in actual possession of the whole tract. It has long been settled that an injunction will not lie where the right is doubtful. [Echelkamp v. Schrader, 45 Mo. 505.]

Since the merits of the case were gone into on the motion to dissolve, the action of the trial court might be sustained on the ground alone that the evidence of plaintiffs' possession was not clearly proven.

But it is urged that the trial court had the right and jurisdiction to grant an injunction in order to protect plaintiffs' possession during the pendency of the hearing before the United States Commissioner in regard to the character of the land in dispute. In support of this theory we are cited to a number of cases among them being Zimmerman v. McCurdy, 106 N. W. 125, and Gauthier v. Morrison, 232 U. S. 452. A reading of the Zimmerman case shows that the injunction was therein granted to protect the possession of parties claiming under a contested homestead entry. It was there held that an occupying claimant of public land cannot be ousted by a claimant under a homestead entry, where the merits of the opposing claims to the right of possession are involved in a contest pending before the Federal Land Department and have not been fully determined. In other words, that an injunction will lie to leave the parties *in statu quo* during the pendency of the opposing claims. If plaintiffs had shown that they were in the undisputed or rightful possession of the lands the relief asked might therefore have been proper. But in the absence of such showing there can be no equity in ousting by injunction a part whose possession has been shown by evidence, which stands practically undisputed, and at least raises a serious doubt as to whether or not plaintiffs were in

possession of the lands in controversy at any time after defendant's entry in 1927. Of course title cannot be tried in a suit of this character in any case. [Smith v. Jamison, 3 S. W. 212, 91 Mo. 13; Graham v. Womack, 82 Mo. App. 618.]

And if title were involved this court would have no jurisdiction. But particularly is there no jurisdiction in a state court to decide questions of title as to public lands in litigation before the General Land Office of the Federal Government. The rule is well stated in 50 C. J. 1093, par. 489, as follows:

. "The courts have no jurisdiction to determine the rights of claimants to public lands, including those of adverse claimants, until the disposition of the land has passed from the control of the Federal Land Department, and in general the courts will not interfere with the administration of matters concerning the public lands while title remains in the United States. But prior to the time when the disposition of the land has passed from the control of the land department and pending a contest in the department, the courts can and will protect the rights of the parties so far as this can be done without deciding the controversy before the department."

Under this rule it seems clear that plaintiffs could only seek injunctive relief on the theory that they were in possession and were entitled to be left *in statu quo* pending the outcome of the contest before the Federal Land Office. The state courts will not interfere with officers of the government in disposing of public lands. [Humbird v. Avery, 110 Fed. 465.]

Equity will not act unless the right to the relief is clearly established and we fail to find, either by the pleadings or evidence, that plaintiffs have clearly established that they, or those claiming under them, were, when the suit was filed, in possession of the lands in controversy or that they had title thereto or were ousted from possession by defendant. We therefore hold that the trial court properly sustained defendant's motion to dissolve the injunction on the ground that the trial court was without jurisdiction or on the ground that plaintiffs were not, under the evidence, entitled to the relief prayed. The judgment is accordingly affirmed. *Allen, P. J.,* and *Smith, J.* concur.