KIRKWOOD REALTY, INSURANCE & ADJUSTMENT COMPANY, a Corporation, v. GERALDINE HENRY, Defendant, ERNEST WEDEMEYER, Appellant.—162 S. W. (2d) 600.

Division One, June 3, 1942.

*Watkins & Erbs* for appellant.

524

 CLARK, J.—Respondent, as plaintiff, on October 17, 1938, brought an ejectment suit in the circuit court of St. Louis County, against one Geraldine Henry, as defendant, to recover possession of certain real estate. The petition is in the usual form. Defendant filed answer denying plaintiff's right to possession. Appellant, by leave of court and with the written consent of both plaintiff and defendant, filed an intervening petition claiming to be the owner of the land in fee simple as purchaser at a foreclosure sale under a deed of trust executed by one Homer L. Faith and praying the court to determine and adjudge the title, etc. After a trial by the court without a jury a decree was entered finding for plaintiff for possession of the real estate and for damages and monthly rents against both the defendant (Henry) and the intervener (Wedemeyer); also the decree ordered that the intervening petition of Wedemeyer be dismissed and that plaintiff be vested with the fee simple title to the real estate.

From this decree Wedemeyer appealed to the St. Louis Court of Appeals. Later, respondent filed a motion in that court to transfer the case here on the ground that title to real estate is involved, which motion was sustained.

The case has been briefed and argued by appellant only, respondent having filed no brief either in the court of appeals or in this court.

 The case was tried as being in equity and appellant so treats it in his brief. This is incorrect. The petition of plaintiff was in ejectment. The answer filed by appellant (intervener) converted the action into a suit to quiet and adjudge title, but it raised no equitable issues and the action remained a law case. [Baker v. Lamar, 140 S. W. (2d) 31; St. Louis Union Trust Co. v. Hill, 283 Mo. 278, 223 S. W. 434.] Therefore, the findings of the trial court as to questions of fact are binding on us if supported by any substantial evidence.

No findings of fact or declarations of law were given or requested and it is difficult to determine the theory upon which the trial court based its decree.

At the beginning of the trial the parties filed a signed stipulation agreeing that: on and prior to September 24, 1931, the real estate was owned in fee simple by John Kessler, who on that date executed a deed of trust to John Rinckle, as trustee, to secure a note described therein: on October 24, 1934, an ex parte petition, duly verified, was filed in the circuit court by Federated Agencies, Inc., alleging that petitioner was the holder and owner of the note secured by said deed of trust; that default had been made and John Rinckle, the named trustee, had refused to act; on this petition, the court entered an order of record appointing Alfred Sass successor trustee; on November 19, 1934, the successor trustee foreclosed and conveyed the property to Federated Agencies, Inc., which company conveyed to Homer L. Faith on December 6, 1934; on December 8, 1934, Homer L. Faith executed a deed of trust which was foreclosed and the property conveyed, on February 21, 1938, to Ernest Wedemeyer (the appellant); on October 21, 1931, one Frank Kaufer executed a quitclaim deed purporting to convey the property to Kirkwood Realty, Insurance and Adjustment Co., (respondent) and on September ██ 22, 1934, that company and John Kessler, as plaintiffs, filed suit against Forest Park Hotel Co., Louis Hicks and John Rinckle, as defendants, praying that the deed of trust executed by Kessler be canceled and set aside, which suit was dismissed on June 10, 1935; on August 7, 1936, Homer L. Faith executed a deed to Geraldine Henry.

After the filing of the stipulation, plaintiff (respondent) introduced the Kessler deed of trust and the following witnesses:

*Geraldine Henry,* who testified that she purchased the property from Homer L. Faith, immediately took possession and has lived on the land ever since; that she has paid rent to Wedemeyer at the rate of fifteen dollars per month ever since he purchased the property at the foreclosure of the Faith deed of trust.

*Anna Henry,* mother of Geraldine, corroborated her daughter's testimony.

*John Rinckle* (trustee in the Kessler deed of trust), said that a Mr. Heege requested him to foreclose; that witness said if there was nothing irregular he would do so and demanded that Heege turn over to him the note and deed of trust; that Heege said he did not want to turn them over for fear they might get into the hands of Kessler; that Heege and a Mr. Gershenson again called on witness and demanded that he foreclose; that they had the papers with them, but refused to turn them over to witness; that at the time of these conversations Kessler was employed by the witness.

The intervener (appellant) introduced the petition and court order by which Sass was appointed successor trustee; the petition and order of dismissal in the case filed by Kessler and Kirkwood Realty,

Insurance and Adjustment Co., and then offered the following witnesses:

*George Heege,* an attorney, who said that, as representative of the legal holder of the Kessler note and deed of trust, he requested Rinckle, the trustee, to foreclose; that Rinckle said it would be embarrassing to him, but he would let the witness know; that within a few days witness, accompanied by another attorney, Harry Gershenson, again called on Rinckle and asked him to foreclose; that they had the papers with them and showed them to Rinckle who said he would give them his answer the next day; that they heard no more from Rinckle and, after waiting a few days, they proceeded to have a successor trustee appointed and the property foreclosed.

*Harry Gershenson* corroborated the testimony of Heege.

The evidence did not show that the respondent ever had possession of the real estate. Its only claim of title rests upon the stray deed executed by Kaufer, who was not shown to have any title to convey. This was insufficient to authorize a judgment for respondent even for possession, and certainly not for fee simple title, which appellant's petition did not pray. [Riley v. O'Kelly, 250 Mo. 647, l. c. 658, 157 S. W. 566.] The judgment for respondent cannot stand. The question remains as to the kind of judgment which should have been rendered for appellant.

Appellant filed his intervening petition and became a party defendant with the written consent of the original parties and by leave of court. This was authorized by statute as the original defendant was the tenant of appellant. [Sec. 1533, R. S. Mo. 1939, Mo. Stat. Ann., p. 1589.] Appellant had the right to ask for adjudication of title. [Sec. 1684, R. S. Mo. 1939, Mo. Stat. Ann., p. 1682; Sec. 852, R. S. Mo. 1939, Mo. Stat. Ann., p. 910; Summet v. City Realty & Brokerage Co., 208 Mo. 501, 106 S. W. 614.]

Appellant claimed title through mesne conveyances from John Kessler. Respondent also claimed from the same source as shown by the stipulation conceding the fee simple title to have been in Kessler on a certain date. This is further shown by certain admissions in the petition filed by appellant and Kessler, as plaintiffs, later dismissed, asking that the Kessler deed of trust be canceled. As the parties claimed title through a common source, it was only necessary for appellant to prove a better title than respondent. [Riley v. O'Kelly, 250 Mo. 647, l. c. 657, 157 S. W. 566.] Appellant proved a complete chain of title from the common source. Every deed constituting appellant's chain of title was received in evidence without objection; in fact, by stipulation of the parties.

As respondent failed to connect its chain of title to the admitted common source, it is not in a position to question the title of appel-

lant. [Skillman v. Clardy, 256 Mo. 297, 165 S. W. 1050.] However, the evidence fully sustains appellant's claim.

Apparently, respondent tried to prove by Rinckle, the original trustee in the Kessler deed of trust, that he did not refuse to act as trustee and that the appointment of, and foreclosure by, the successor trustee was invalid. The trustee deed executed by Sass, the successor trustee, having been admitted without objection, was prima facie evidence of the recitals contained therein, including the fact that the original trustee had refused to act. [Sec. 3481, R. S. Mo. 1939, Mo. Stat. Ann., p. 1918.]

The validity of the foreclosure could be questioned only by the mortgagor or one deriving title from him, and, as already stated, respondent failed to allege or prove any right to claim through the mortgagor.

From a remark made by the judge during the trial, it may be that he was under the impression that the refusal of the trustee had to be in writing. We know of no rule of law or evidence which makes such requirement where, as here, the deed of trust does not do so.

There was some conflict in the evidence as to just what happened when the holder of the note asked Rinckle to act as trustee. Rinckle says he did not refuse, but we think, as a matter of law, his own testimony shows that he did refuse. Certainly, although twice requested, he did not act. He says he demanded that the note and deed of trust be turned over to him. We do not think, under the facts of this case, the holder was required to part with the possession of the note. Of course, the trustee was entitled to know that the note was in the possession of the person requesting him to act. But he did not explain his reluctance to act on any claim that the request was not made by the legal holder of the note, but on the suspicion that there might be something irregular about the execution of the note and deed of trust. Such suspicion was a sufficient reason for his refusal to act. For that matter, he could refuse without any reason, but whatever the reason for his refusal the deed of trust authorized the holder of the note to appoint a successor trustee.

In the case of Chase v. Williams, 74 Mo. 429, the holder of a note secured by deed of trust requested the trustee to foreclose. The trustee replied that it would be inconvenient for him to do so as he had to attend court in another town. This court held that this constituted a refusal to act on the part of the trustee, saying:

"While it cannot be said from this evidence that Shackelford refused to sell at all or at some time, we think it can be safely affirmed that his answer was equivalent to saying that he refused to sell then, and would only sell at such time as might suit his own convenience. This, we think, was such a refusal to act as authorized the holder of the note to call upon the sheriff to execute the trust."

528

In the instant case, the Kessler deed of trust authorized the holder of the note to appoint a successor trustee. It was unnecessary to have the appointment made by the circuit court, but the fact that the holder suggested and the court confirmed the appointment was a sufficient compliance with the terms of the deed of trust.

On the record of this cause the decree should have been for appellant, vesting in him the fee simple title as against the claims of respondent. Under those circumstances, it is our duty, instead of remanding the case for a new trial, to direct the rendition of the proper judgment. [Sec. 1229, R. S. Mo. 1939, Mo. Stat. Ann., p. 1361; Norman v. Eastburn, 230 Mo. 168, 1. c. 189, 130 S. W. 276; Bixby v. Backues, 346 Mo. 955, 144 S. W. (2d) 112.]

Accordingly, the judgment is reversed and cause remanded with directions to enter a decree vesting fee simple title to the real estate in appellant, and that appellant and defendant, Henry, have judgment against plaintiff for their costs. All concur.