**Wesley BLUMENBERG and Eloise Blumenberg, His Wife, Plaintiffs-Appellants,**

**v.**

**William C. MINTON, a/k/a Will Minton and Elizabeth Minton, a/k/a Lizzie Minton, His Wife, Defendants-Respondents.**

**No. 35096.**

Missouri Court of Appeals, St. Louis District.

March 5, 1974.

Timothy F. Ruddy, Cape Girardeau, for plaintiffs-appellants.

Finch, Knehans, Cochrane, Bradshaw & Strom, Cape Girardeau, for defendants-respondents.

DOWD, Chief Judge.

Appeal from the denial of plaintiffs' petition for a mandatory injunction. Plaintiffs seek to compel defendants to remove a carport allegedly built partially on plaintiffs' land. This alleged encroachment consists of a triangular strip of concrete flooring two feet in depth and fourteen and one-half feet along the side. The facts necessary for resolution of this appeal are as follows.

In May, 1944, defendants obtained from Clara, Fred, and Kathryn Hett a warranty deed to a portion of Lot 3, in Block C, St. Vincent's Park subdivision, Cape Girardeau County. In 1964 they constructed a home with an attached, covered carport on this property. By a February 2, 1965 warranty deed, defendants conveyed a portion of this property to Birdie Pyle. The property conveyed was described with reference to the plat of St. Vincent's Park filed with the Recorder of Deeds of Cape Girardeau County. The deed was duly recorded.

Plaintiffs received a warranty deed from Cape Realty Investment Corporation which purported to convey to them property with the same description as that conveyed by defendants to Birdie Pyle. The same reference to the filed plat was made in the description of the property. This deed was also recorded.

Some time thereafter plaintiffs came to believe that a portion of defendants' carport encroached on the land which defendants had conveyed to Birdie Pyle and which plaintiffs claimed as theirs. They filed this action to compel removal of the carport. Their petition included alternative counts, one seeking relief in ejectment, the other seeking a mandatory injunction.

Plaintiffs chose to proceed only on the count seeking mandatory injunction. To prove ownership of their lot, they introduced the three deeds described above: from the Hetts to defendants in 1944; from defendants to Birdie Pyle in 1965; and from Cape Realty Investment Corporation to plaintiffs in 1967. A gap in the chain of title between the 1965 deed to Birdie Pyle and the 1967 deed to plaintiffs appears in the record.

To prove that the carport encroached on their lot, plaintiffs introduced the testimony of one Robert Hahn, a registered land surveyor. Mr. Hahn testified that he had surveyed the lots in question, and that by this survey it appeared that a portion of defendants' carport, consisting of a fourteen and one-half square foot concrete block, encroached on plaintiffs' land. On cross-examination, however, Mr. Hahn stated that he had been forced to rely, in making his survey, on a corner set by a previous surveyor. From past experience, he had reason to believe that corners set on the ground throughout St. Vincent's Park subdivision varied from their location on the plat filed with the recorder. He could not state unequivocally that there was an encroachment.

On this record, the Court denied the injunction. This appeal followed.

■ The law in Missouri is clear that an injunction is a harsh remedy, to be used sparingly, and its use is largely a matter of discretion with the trial court. Higday v. Nickolaus, 469 S.W.2d 859, 871 (Mo.App. 1971); Hanna v. Nowell, 330 S.W.2d 595 (Mo.App.1959); N. W. Electric Power Co-op. v. Dagley, 277 S.W.2d 883, 885 (Mo. App.1955). An appellate court, when reviewing a denial of injunctive relief, is to examine the record on both the law and the facts, but is to set aside the judgment of the trial court only if that judgment was clearly erroneous. American Pamcor, Inc. v. Klote, 438 S.W.2d 287 (Mo.App. 1969). We believe that the decision of the

trial court in this case was not clearly erroneous.

We note, first, that there is a question whether plaintiffs are seeking the appropriate remedy. In Boeckler v. Missouri Pacific R. Co., 10 Mo.App. 448 (1881), this court denied an injunction to compel defendant to remove a railway spur from plaintiff's land stating that the plaintiff had an adequate remedy at law in an action for damages or in ejectment, and the equitable remedy did not lie. *Boeckler*, supra at 455. Although the great weight of authority in other jurisdictions now allows mandatory injunction to compel the removal of an encroachment, (See Annot., 28 A. L.R.2d 679) we have found no Missouri cases taking this view. We need not reexamine the approach taken in *Boeckler*, however, for the judgment of the trial court must be affirmed on other bases.

First, there is some doubt whether the carport actually encroaches on the land claimed by plaintiffs under the deed from Cape Realty. The only testimony as to whether the carport actually encroaches on the plaintiffs' land was provided by Mr. Hahn. He stated that it would be an insurmountable task to determine if there were in fact an encroachment based on checking St. Vincent's Park from beginning to end and candidly suggested "The devil himself couldn't figure it out." It is obvious that the trial court could have found that the evidence did not clearly support plaintiffs' contention of encroachment.

■ Injunction should be granted only if plaintiff's right to relief is clear. Real Estate Investment Co. v. Winn, 233 Mo. App. 26, 116 S.W.2d 550, 556 (1938); Steele v. Allison, 228 Mo.App. 656, 73 S. W.2d 842 (1934). There is sufficient doubt as to the plaintiffs' right to relief raised by the surveyor's testimony to warrant denial of the injunction.

■ A second problem arises from the gap in the chain of title to the land claimed by the plaintiffs. In granting injunctions to protect interests in real property, our courts have consistently required plaintiffs to show an interest in the property which they would need to maintain the equivalent action at law. Barnhart v. Ripka, 297 S.W.2d 787, 790 (Mo.App.1956). The equivalent legal action here is ejectment. The defendants have been in continuous possession of the triangle of land since 1964. The chain of title in the record before us goes from Hett to defendants; from defendants to Birdie Pyle; and, then from Cape Realty to plaintiffs. There is no showing of a deed from Birdie Pyle to either Cape Realty or to the plaintiffs. Therefore, the plaintiffs claim of title is defective in that Cape Realty is not shown to have had title to convey. Under these circumstances, the plaintiffs would fail in an ejectment action. Kirkwood Realty, Insurance & Adjustment Co. v. Henry, 349 Mo. 522, 162 S.W.2d 600, 609 (1942). Accordingly, plaintiffs have failed to show the interest required for the court to grant an injunction.

■ Finally, a court is required to consider the relative convenience and comparative injuries to the parties and the public in granting or refusing an injunction. Rubinstein v. City of Salem, 210 S. W.2d 382, 386 (Mo.App.1948). The benefit to plaintiffs here would be minor. The intrusion onto their property, if it exists at all, is slight. They made no showing that it interferes with the enjoyment or use of the remainder of their lot. If the injunction were issued, however, defendants would be compelled to remove a structure permanently attached to their home, at some expense and inconvenience. This result would not be equitable.

We find no abuse of discretion in the trial court's denial of the injunction. Judgment affirmed.

SIMEONE and KELLY, JJ., concur.