STATE of Missouri, ex rel., STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,

v.

Lucean E. FINCH and Marie E. Finch, Defendants-Respondents.

No. 12958.

Missouri Court of Appeals, Southern District, Division Three.

Jan. 19, 1984.

Bruce A. Ring, Dan P. Pritchard, Jefferson City, for plaintiff-appellant.

Lucean E. Finch and Marie E. Finch, pro se.

FLANIGAN, Judge.

The State Highway Commission sought an injunction enjoining defendants Finch from maintaining a junkyard on their land in Wayne County on the ground that its maintenance violated §§ 226.650–226.720[1] "in that said junkyard is within 1,000 feet of the nearest edge of a primary highway, State Highway 67, and is not licensed." The petition further alleged that defendants had failed to correct the violations and continued to maintain the junkyard unlawfully.

The trial court, sitting without a jury, held two hearings, the first in December 1979 and the second in March 1981. The defendants, appearing pro se, participated in both hearings and both sides presented evidence. At the conclusion of the second hearing the trial court found that "defendants do not operate and maintain a junkyard as defined and described in § 226.670," and entered an order denying the injunction and dismissing the petition. Plaintiff Commission appeals.[2]

Appellate review of the trial court's order is governed by Rule 73.01(c) as construed in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This court must sustain the order unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. An injunction "is a harsh remedy, to be used sparingly, and its use is largely a matter of discretion with the trial court." *Blumenberg v. Minton,* 507 S.W.2d 26, 27 (Mo.App.1974). *Blumenberg* also holds that an injunction "should be granted only if plaintiff's right to relief is clear." For the reasons which follow, this court holds that the order of the trial court is against the weight of the evidence, that it erroneously declares and applies the law,

---

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Defendants filed no brief in this court.

and that the injunction should have been granted.

Junkyards in areas adjacent to the interstate and primary system of highways in Missouri are the subjects of regulations, restrictions and prohibitions found in §§ 226.650–226.720.

Section 226.660 contains certain definitions, including the following:

"(3) 'Junk' means old or scrap copper, brass, rope, rags, batteries, paper, trash, rubber debris, waste, or junked, dismantled, or wrecked automobiles, or parts thereof, iron, steel, and other old or scrap ferrous or nonferrous material;

. . . . .

"(4) 'Junkyard' means an establishment, area, or place of business maintained, operated, or used for the storing, keeping, buying, or selling of junk...."

Under § 226.670, if any portion of the junkyard is within 1,000 feet of the nearest edge of the right-of-way of any interstate or primary highway, the junkyard may not be maintained without obtaining a license from the Commission. That statute also gives the Commission authority to issue junkyards licenses "within the limits established in [§ 226.680]," and the Commission "shall charge an annual fee of $10, payable in advance."

Section 226.680 limits the granting of licenses to four categories of junkyards, one of which is:

"(1) Those screened by natural objects, plantings, fences, or other appropriate means so as to render them not visible from the traveled way of the highway involved."

At both hearings the Commission introduced photographs of defendants' premises. Each set of photographs was taken on the day of the respective hearing. Defendants have not challenged the authenticity of the photographs.

At the first hearing defendant Finch testified that on the land involved he conducted the business of repairing machinery, building woodworking machinery and repairing sawmill and pallet equipment. Defendant also testified, "I have never engaged in the junkyard or salvage yard business." With respect to some of the items shown in the Commission's photographs, defendant said, "There is some of it that is no doubt junk."

At the conclusion of the first hearing the trial court said, "It is clear from the evidence that the Commission is entitled to the relief sought based on the testimony that has been given here today." The court granted the defendants approximately 70 days in which to meet the requirements of § 226.680, with respect to qualifying defendants' premises for licensing as a junkyard.

At the second hearing in March 1981, the Commission's evidence showed that the screening requirements of § 226.680(1) had been met by defendants and their premises qualified for licensing but that defendants had refused to apply for a license and had not paid the $10 annual fee.

Three photographs introduced at the second hearing show an area of defendants' land containing an old ice box, a large wheel rim, a large tractor tire, many large pieces of old and misshapen corrugated metal and other trash strewn over a brushy area. Those photographs make it clear that on the date of the second hearing there was "junk" located on defendants' land and that the latter was an "area or place of business" used for the "storing" and "keeping" of junk. There was undisputed evidence that the portion of defendants' property which contained the junk was within 1,000 feet of the nearest edge of the right-of-way of State Highway 67 which the trial court properly found to be a "primary highway."

 The record seems to indicate that the trial court denied the injunction because defendant Finch "holds himself out as repairing equipment and machines and not as a salvage operator," and because defendants did not engage in the buying or selling of the junk. It was sufficient, however, for the Commission to show, as it did, that the defendants were storing or keeping the junk on their premises. The definition of junkyard contained in § 226.660(4) is satis-

**56**

fied not only by the buying or selling of junk but also by the storing or keeping of it on the area or place of business involved.

Defendants' premises, so far as the record shows, are now qualified for licensing upon the payment of the license fee. The judgment is reversed and the cause remanded with the following instructions to the trial court: Defendants shall have 60 days, from the date of receipt in the trial court of this court's mandate, in which to apply for the license and pay the license fee required by § 226.670 and to present proof of said payment to the trial court. If such proof is not so presented within that time, the trial court shall grant the injunction prayed for in the Commission's petition.

It is so ordered.

GREENE, C.J., CROW, P.J., and MAUS and PREWITT, JJ., concur.