SUE CRENSHAW *et al.*, Appellants, v. GEORGE W. COOK, Respondent.

St. Louis Court of Appeals, February 25, 1896.

1. **Trespass:** INTERFERENCE BY INJUNCTION. Equity will not restrain the commission of a trespass, unless it appears that the injury is irreparable and not susceptible of adequate pecuniary compensation.

2. ————: ————: MULTIPLICITY OF ACTIONS. The right to equitable relief for the prevention of a multiplicity of suits arises only when different persons assail the same right, and not when repeated trespasses are committed by the same person.

*Appeal from the Greene County Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Goode & Cravens* for appellants.

No brief filed for respondent.

ROMBAUER, P. J.—This is an appeal from a decree dismissing plaintiffs' bill for an injunction. The allegations of the bill are, in substance, that the defendant at divers times within a year past has torn down the fencing around plaintiffs' premises, and has driven horses and cattle over plaintiffs' land, whereby the estate and freehold in the premises was injured and the plaintiffs have been prevented from renting said land, by all of which the plaintiffs have been damaged in the sum of $100. The bill further states that for all these continued trespasses the plaintiffs are without adequate remedy at law, and hence they pray the restraining order of the court. The answer was a general denial.

The evidence in the case was all oral. The plaintiffs were shown to be the owners of the land, and the defendant a tenant who had rented part of the premises from the plaintiffs at times, and at times from one of plaintiffs' co-owners. The main controversy was whether the defendant had not, in reaching the lands let to him, passed over plaintiffs' adjoining lands against their remonstrance, also whether he had not against similar remonstrances pastured his cattle on a wood pasture belonging to the plaintiffs, and not let to him. The first of these complaints was substantiated by the weight of the evidence. Touching the second the evidence was conflicting and evenly balanced, and, as the chancellor heard and saw the witnesses, we would not be justified in disturbing his finding even had he found that the complaint was unproven. The main plaintiff testified herself that the defendant's trespasses did not interfere with her renting the land, and also testified that the damages caused by him did not exceed $100. There was no evidence in the case that the defendant was insolvent. There was some evidence in the case that the plaintiffs had sued the defendant at law for preceding trespasses of a similar character, and that they were unsuccessful in the action.

The plaintiffs claim that they are entitled to the relief prayed for, because all the evidence concedes that the defendant passed over their lands against their remonstrance. That such an entry is a trespass may be readily conceded, but it does not follow that plaintiffs are entitled to an injunction to restrain it. To warrant the interference of equity in restraint of trespass two conditions must coexist. *First*, complainants' title must be established, and, *secondly*, the injury complained of must be irreparable, and not susceptible of adequate pecuniary compensation in damages. Equity will not restrain a trespasser simply because he

is a trespasser.  The right to equitable relief on the ground of preventing a multiplicity of suits only arises in the class of cases where different persons assail the same right, and not where repeated trespasses are committed by the same person.  High on Injunction, secs. 700 and 701; *Boeckler v. Railroad*, 10 Mo. App. 448.

If these elementary principles are applied to the case at bar, it is evident that the court properly dismissed the plaintiff's bill.  No permanent injury to the freehold was shown as having been done or as being threatened.  The damages done are estimated by the main plaintiff at a given figure, and it is not shown that the defendant is not fully able to answer for them in an action at law for their recovery,

The decree dismissing the bill is affirmed.  All the judges concur.