**J. H. McCORD, III, Plaintiff-Respondent,**

v.

**Jacob ROSENTHAL, Dorothy B. Rosenthal, and Iowa-Missouri Walnut, Inc., Defendants-Appellants.**

No. KCD 29698.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Motion for Rehearing and/or Transfer Denied Aug. 28, 1978.

William Rosenthal, St. Joseph, for defendants-appellants.

Wilcox, Houts & Douglass, St. Joseph, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

J. H. McCord III brought suit for a mandatory injunction to require the Rosenthals to disconnect a sewer connection made to a sewer installed by McCord. The trial court entered a judgment granting the mandatory injunction and this appeal follows.

Rosenthal contends McCord was not entitled to an injunction because McCord did not show the requisite title to entitle him to injunctive relief. Reversed.

McCord was originally the lessee of property adjoining 36th Street in St. Joseph. At that time he installed a sewer in the street right of way adjoining the property he owned and extending over 400 feet to connect to an existing city sewer. This sewer passed in the street right of way immediately adjacent to property subsequently acquired by Rosenthal. While McCord was a lessee the title to that property was vested in Iowa-Missouri Walnut, Inc. McCord later purchased such property from Iowa-Missouri.

In his petition McCord alleged his leasehold interest in certain property adjoining 36th Street and alleged that the Rosenthals purchased and owned property immediately south of the property leased by McCord with both properties adjoining 36th Street. McCord alleged he had constructed a private sewer within the right of way of 36th Street and that Rosenthal connected a sewer line to the private sewer constructed by McCord. Iowa-Missouri was brought in as a party defendant but made no appearance either in the trial court or in this court.

At trial McCord stated he had been the lessee of the property owned by Iowa-Missouri and had later purchased this property. McCord further testified that after he filed the lawsuit involved here he had sold all of the property to Goodrich Dairy. At the time of trial McCord did not own any property adjoining the sewer line in question or adjoining the land owned by Rosenthal. McCord further admitted he had made no reservation in his deed to Goodrich of any interest in the sewer. The deed from McCord to Goodrich was introduced in evidence. The description of the tract conveyed runs along 36th Street.

Rosenthal contends McCord was not entitled to an injunction because he failed to show any ownership interest in either the land served by the sewer or in the sewer itself. McCord contends the deed only described the tract sold as running along the right of way line of 36th Street and since the sewer was constructed within the right of way of 36th Street the deed did not convey any interest in the sewer.

"Injunctive relief with respect to property will not be granted to one who does not have title to, possession of, or some interest in the property, such as a right of possession. The party seeking the injunction must stand on the strength of his own right or title rather than on the weakness of the right or title claimed by his opponent." 43A C.J.S. Injunctions § 62.

To the same effect is *Crenshaw v. Cook*, 65 Mo.App. 264 (1896) in which the court held that a party to be entitled to an injunction must first establish his title.

█ Here McCord sold the property which adjoined 36th Street and was served by the sewer line he constructed. At the time this suit was tried, McCord did not have any ownership interest in the real estate served by the sewer line. His claim, that the description of the property sold only carried to the right of way line of 36th Street and, therefore, did not include the sewer line within the right of way, cannot be sustained. In *American Steel & Wire Co. v. City of St. Louis*, 354 Mo. 692, 190 S.W.2d 919, 923[1, 2] (1945) the applicable rule is stated:

Absent an express reservation, it is the universal rule that a conveyance of land bounded on a public highway or street carries with it the fee to the center of the highway or street. Furthermore, a description of the land by metes and bounds, giving courses and distances of the boundaries, does not exempt the conveyance from the rule.

█ There is no evidence here to show the land for 36th Street came from one owner so the exception to the above rule need not be considered. However, even if

the entire right of way of 36th Street came from the adjoining land owner so that McCord's title would not carry to the center of the street, McCord would not have any ownership interest because the ownership would be vested in the adjoining owner subject to the street right of way. So, in either event, McCord did not retain any ownership to the sewer located in the street right of way upon his conveyance to Goodrich.

McCord did not show any ownership in the property which he sought to protect. Under the rule in this state he was not entitled to an injunction absent this showing.

Further, McCord was not the real party in interest after he had sold his property. Without some ownership interest in either the adjoining real estate or sewer line he had no interest susceptible to protection. *Hribernik v. Reorganized School District R–3*, 276 S.W.2d 596, 598[4, 5] (Mo.App. 1955).

For these reasons McCord was not entitled to an injunction. The judgment is reversed and the court is instructed to enter judgment for the Rosenthals.

All concur.